IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT
OF OKLAHOMA

| | |
|---|---|
| (1) NATIONAL ASSOCIATION FOR RATIONAL SEXUAL OFFENSE LAWS,<br><br>(2) OK Voices Inc.<br><br>(3) Clayton Hamilton<br><br>(4) Cameron Gray, and<br><br>(5) Cedric Barnes, individually and on behalf of all those similarly situated,<br><br>    Plaintiffs,<br><br>       v.<br><br>(1) TIM TIPTON, in his official capacity as the Commissioner of the Oklahoma Department of Public Safety, and<br><br>(2) GETNER DRUMMOND, in his official capacity as the Attorney General of Oklahoma.<br><br>    Defendant. | Case No. 25-CV-312-SH |

## CIVIL RIGHTS COMPLAINT

### Injunctive and Declaratory Relief Requested

Plaintiffs National Association for Rational Sexual Offense Laws

1

("NARSOL"), OK Voices, Inc. and three plaintiffs, individually and on behalf of all similarly situated individuals, through their undersigned counsel, complain against defendants Tim Tipton, Commissioner of the Oklahoma Department of Public Safety, and Getner Drummond, the Attorney General of Oklahoma state and aver as follows:

## Nature of the Case

1. This is a civil rights class action challenging the constitutionality of Okla. Stat. Ann. tit. 47, § 6-111(E), which requires the driver's licenses of individuals convicted of certain sexual offenses be forever branded with the marking "SEX OFFENDER".

2. Plaintiffs, individually and on behalf of all other so situated citizens of Oklahoma, allege that the challenged statutory requirement violates the First Amendment of the United States Constitution by requiring compelled speech. They collectively object to being forced to acquire and display a driver's license that brands them as a sex offender and broadcasts the government's message that they are forever a danger to the public.

3. Plaintiffs allege that Okla. Stat. Ann. tit. 47, § 6-111(E) is unconstitutional, both on its face and as applied to Plaintiffs, because it compels Plaintiffs, and all individuals so required, to engage in speech

2

and communicate the government's message, in violation of the First Amendment.

4. Plaintiffs seek injunctive and declaratory relief to redress the violation of their clearly established constitutional rights.

## Jurisdiction and Venue

5. This case arises under the First and Fourteenth Amendments to the United States Constitution and 42 U.S. C. §1983.

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. The Court also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claim occurred in this judicial district.

8. Defendant Tim Tipton is named in his official capacity as Commissioner of the Oklahoma Department of Public Safety. The Department of Public Safety is the entity responsible for enforcement and implementation of Okla. Stat. Ann. tit. 47, § 6-111(E).

9. Defendant Getner Drummond is named in his official capacity as the Attorney General of the State of Oklahoma since this action challenges the constitutionality of 47 OS § 6-111(E).

10. Plaintiff the National Association for Rational Sexual Offense Laws ("NARSOL") is a non-profit corporation organized under the laws of the State of North Carolina, which is devoted to the reform of state and national sexual offense laws and to ending the dehumanization of individuals with past convictions for sexual offenses. NARSOL advocates for ending draconian, unconstitutional laws such as public registries, residency restrictions, and civil commitment schemes. To fulfill its mission, NARSOL pursues litigation to challenge unconstitutional laws and educates legislators and the public regarding evidence-based policies; the negative effects of laws such as the registry on individuals and their families; and the availability of effective, constitutional alternatives to current laws and practices.

11. NARSOL has thousands of constituents nationally, including constituents in Oklahoma.

12. NARSOL has affiliated organizations in most states, including OK Voices, Inc. in Oklahoma.

13. Plaintiff the OK Voices, Inc. is a non-profit corporation organized under the laws of the State of Oklahoma and is devoted to the reform of state sex offense laws and to ending the dehumanization of individuals with past convictions for sex

4

offenses.

14.  Plaintiff Clayton Hamilton lives in Rogers County, Oklahoma. Hamilton is listed on the OK Sex Offender Registry and classified as an aggravated offender and is therefore subject to the challenged statute. He holds a driver's license with the "SEX OFFENDER" branding. He is a constituent of NARSOL and OK Voices, Inc.

15.  Plaintiff Cameron Gray lives in Creek County, Oklahoma. Gray is listed on the OK Sex Offender Registry and classified as an aggravated offender and is therefore subject to the challenged statute. He holds a driver's license with the "SEX OFFENDER" branding. He is a constituent of NARSOL and OK Voices, Inc.

16.  Plaintiff Cameron Gray lives in Creek County, Oklahoma. Gray is listed on the OK Sex Offender Registry and classified as an aggravated offender and is therefore subject to the challenged statute. He holds a driver's license with the "SEX OFFENDER" branding. He is a constituent of NARSOL and OK Voices, Inc.

## The Challenged Statute

17.  Effective November 1, 2007, the Oklahoma legislature passed the driver's license law Okla. Stat. Ann. tit. 47, § 6-111 (E) requiring the "Sex Offender" designation which reads as follows:

1. The Department shall develop a procedure whereby a person applying for an original, renewal or replacement Class A, B, C or D driver license or identification card who is required to register as a convicted sex offender with the Department of Corrections pursuant to the provisions of the Sex Offenders Registration Act[1] and who the Department of Corrections designates as an aggravated or habitual offender pursuant to subsection J of Section 584 of Title 57 of the Oklahoma Statutes shall be issued a license or card bearing the words "Sex Offender".

2. The Department shall notify every person subject to registration under the provisions of Section 1-101 et seq. of this title who holds a current Class A, B, C or D driver license or identification card that such person is required to surrender the license or card to the Department within one hundred eighty (180) days from the date of the notice.

3. Upon surrendering the license or card for the reason set forth in this subsection, application may be made with the Department for a replacement license or card bearing the words "Sex Offender".

4. Failure to comply with the requirements set forth in such notice shall result in cancellation of the person's license or card. Such cancellation shall be in effect for one (1) year, after which time the person may make application with the Department for a new license or card bearing the words "Sex Offender". Continued use of a canceled license or card shall constitute a misdemeanor and shall, upon conviction thereof, be punishable by a fine of not less than Twenty-five Dollars ($25.00), nor more than Two Hundred Dollars ($200.00). When an individual is no longer required to register as a convicted sex offender with the Department of Corrections pursuant to the provisions of the Sex Offenders Registration Act, the individual shall be eligible to receive a driver license or identification card which does not bear the words "Sex

Offender".

18.  The term "aggravated offender" applies to many registrants in the state and involves convictions against minors, incest, rape, sexual abuse, sodomy, lewd or indecent proposals to those under 16 years of age (sexual battery) etc.  See Title 57 Okl.St.Ann. § 584  Section O. (2)

### Facts Pertinent to the Plaintiffs

19.  Plaintiff Clayton Hamilton, age 33, is currently listed on the OK Sex Offender Registry. He is subject to the challenged statute due to a 2011 conviction for Rape, First Degree. He will be subject to the statute challenged and the OK Sex Offender Registry for life.

20.  Plaintiff Cameron Gray, age 46, is currently listed on the OK Sex Offender Registry. He is subject to the challenged statute due to a 2000 conviction for Rape, Second Degree. He will be subject to the statute challenged and the OK Sex Offender Registry for life.

21.  Plaintiff Cedric Barnes, age 62, is currently listed on the OK SOR.  He is subject to the challenged statute due to a 2005 conviction for Lewd or Indecent Proposals/Acts to a child. He will be subject to the statute challenged and the OK Sex Offender Registry for life.

22.  Like other residents, one's driver's license is frequently

necessary in face-to-face encounters when cashing a check, using a credit card, visiting a health clinic or pharmacy, purchasing tobacco or alcohol, obtaining a job, entering some public buildings, and in air travel as a few examples. The "SEX OFFENDER" designation subjects the plaintiffs to unnecessary public humiliation and shame.

23. Unlike other residents who renew their licenses every four years, Plaintiffs must be reissued a branded driver's license annually, at a cost of $38.50. See Okla. Stat. Ann. tit. 47, § 6-111 (E)4.

24. When providing their license to verify their identity, Plaintiffs frequently encounters suspicion, fear, and revulsion. The message sent by the brand is that they are dangerous and pose a threat to the public.

25. Every time Plaintiffs present their license, they are fearful that a common everyday occurrence will bring them and their family distress, ridicule, differential treatment, and even physical harm.

**Plaintiff NARSOL**

26. The constituents of the Plaintiff NARSOL whose constitutional rights are injured by this law will benefit from any relief obtained through this lawsuit; and Plaintiff NARSOL, which seeks to nationally promote rational, evidence-based sex offense laws, will also benefit from any relief obtained through this lawsuit.

**Plaintiff OK Voices, Inc.**

27. The constituents of the Plaintiff OK Voices, Inc. whose constitutional rights are injured by this law will benefit from any relief obtained through this lawsuit; and Plaintiff OK Voices, Inc., which seeks to promote rational, evidence-based sex offense laws, will also benefit from any relief obtained through this lawsuit.

## Class Allegations

28. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiffs seek certification of this complaint as a class action.

29. Named Plaintiffs seeks to represent a class defined as follows:

- All persons who are currently or will in the future be, subject to Okla. Stat. Ann. tit. 47, § 6-111(E), which requires the written label of "SEX OFFENDER" on state issued identification cards and driver's licenses

30. The proposed class is numerous. There are approximately 6,758 individuals currently on the OK SOR. Most registrants have been convicted of sexual offenses that are classified as "aggravated or habitual offender "and therefore are subject to the challenged condition. The numerosity, commonality, typicality, and adequacy thresholds are met. See [Fed. R. Civ. P. 23](Fed. R. Civ. P. 23) and *[In re Amaranth Nat. Gas Commodities Litig., 269 F.R.D. 366 (S.D.N.Y. 2010)](In re Amaranth Nat. Gas Commodities Litig., 269 F.R.D. 366 (S.D.N.Y. 2010))*

31. Joinder of all class members is impracticable. Not only is the class numerous, but membership in the class is constantly expanding as every day additional people with convictions for sexual offenses require state issued identification cards or driver's licenses identification for everyday life and are subject to the challenged law.

32. There are questions of law and fact common to all class members, including but not limited to the following:

- What are the rationales for the law;
- Whether there is any compelling interest served by the law;
- If there is a compelling interest has the State adopted the least restrictive means to accomplish that end; and
- Whether the law violates any constitutional protections of the First Amendment.

33. All individuals falling within the class definition have been subject to the same law. Given the commonality of the questions pertinent to all class members, a single declaratory judgment and injunctive relief would provide relief to each member of the class.

34. Plaintiffs and the proposed class have been directly injured by the statute challenged herein; and members of the class are currently at risk of future harm from the continuation of this law.

35. Three individual plaintiffs will fairly and adequately represent

the interests of the class; and Plaintiffs' claims are typical of the claims of all members of the proposed class.

## CLAIM FOR RELIEF

## COUNT I –First Amendment Compelled Speech, 42 U.S.C. § 1983

36. Plaintiffs reallege and reincorporate, as though fully set forth herein, each and every allegation referenced above.

37. Plaintiffs' counsel are experienced in civil rights litigation, including class actions under Fed. R. Civ. P. 23 and constitutional matters on behalf of persons on sex offense registries. Plaintiffs' counsel will fairly and adequately represent the interests of the class.

38. Okla. Stat. Ann. tit. 47, § 6-111(E) is unconstitutional, both on its face and as applied to Plaintiffs, because it compels Plaintiffs, and all similar class members, to engage in speech and communicate the government's message, in violation of the First Amendment.

39. Compelling the Plaintiffs and others similarly situated to identify themselves as a "SEX OFFENDER" and communicate the government's message is a violation of the clearly established right not to speak under the First Amendment applied to the states through the fourteenth amendment.

40. Okla. Stat. Ann. tit. 47, § 6-111(E) is not narrowly tailored to

serve a compelling governmental interest and is not the least restrictive means of achieving any compelling government interest.

41. Because the Defendant has acted and continues to act to deprive Plaintiffs of their rights guaranteed by the First Amendment, Plaintiffs sue and seek relief pursuant to 42. U.S.C. § 1983.

42. The Plaintiffs and those similarly situated are therefore entitled to injunctive relief and a declaratory judgment.

WHERFORE, Plaintiffs respectfully request that this Honorable Court:

    (a) issue an order certifying this action to proceed as a class pursuant to Fed. R. Civ. P. 23(b)(2);

    (b) appoint the undersigned as class counsel pursuant to Fed. R. Civ. P. 23(g);

    (c) enter a declaratory judgment that the law is unconstitutional both on its face and as applied to Plaintiffs;

    (d) enter an injunction prohibiting Defendant from continuing to enforce the terms of 47 O.S. § 6-111(E);

    (e) issue an order directing Defendant to immediately reissue Plaintiffs and all those so affected a driver

license that is free of the marking "SEX OFFENDER," at no expense to the plaintiffs;

(f) enter judgment for reasonable attorney's fees and costs incurred in bringing this action; and

(g) grant Plaintiffs any other relief the Court deems appropriate.

Respectfully submitted,

/s/ Larwence King
Larwence King, NYBA #5182944
Staff Attorney
NARSOL
P.O. Box 25423
Raleigh, NC 27611
919-480-2551, Ext. 702
attorney@narsol.org

/s/ John M. Dunn
John M. Dunn, OBA# 20975
The Law Offices of John M. Dunn PLLC
616 S. Main St., Suite 206
Tulsa, OK 74119
918-526-8000
jmdunn@johndunnlaw.com
*Counsel for Plaintiffs*